ANTHONY M. BARNES (Bar No. 199048)
JASON R. FLANDERS (Bar No. 238007)
Email: amb@atalawgroup.com
AQUA TERRA AERIS LAW GROUP LLP
4030 Martin Luther King Jr. Way
Oakland, CA 94609
Telephone: (917) 371-8293

DREVET HUNT (Bar No. 240487)
Email: dhunt@cacoastkeeper.org
CALIFORNIA COASTKEEPER ALLIANCE
1100 11th Street, 3rd Floor
Sacramento, California 95814
Telephone: (415) 606-0864

*Attorneys for Plaintiffs*
CALIFORNIA COASTKEEPER, INC., dba
CALIFORNIA COASTKEEPER ALLIANCE, and
THE OTTER PROJECT, INC., for itself and for
MONTEREY COASTKEEPER, a program of
THE OTTER PROJECT, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA COASTKEEPER, INC., doing business as CALIFORNIA COASTKEEPER ALLIANCE, a nonprofit corporation, THE OTTER PROJECT, INC., for itself and for MONTEREY COASTKEEPER, a program of THE OTTER PROJECT, INC., a nonprofit corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> SPRECKELS INDUSTRIAL PARK LLC, a California limited liability company, TANIMURA AND ANTLE FRESH FOODS INC., a California corporation, <br><br><br> Defendants. | Case No.: 5:21-cv-02527-SVK <br><br> [PROPOSED] CONSENT DECREE |

# CONSENT DECREE

**WHEREAS,** California Coastkeeper Alliance is a non-profit public benefit water advocacy organization dedicated to protecting California's coasts and oceans (hereinafter "Coastkeeper");

**WHEREAS**, SPRECKELS INDUSTRIAL PARK LLC and TANIMURA AND ANTLE FRESH FOODS INC. ("Tanimura" or "Defendants") owns and operates a facility at 121 Spreckels Blvd., and 1 Harris Rd., Salinas, California ("Facility");

**WHEREAS**, the Facility's industrial activities consist of motor transit and freight maintenance and miscellaneous metal manufacturing. These industrial activities at the Facility are categorized under Standard Industrial Classification ("SIC") Codes 4231 (covering motor transit and freight maintenance) and 3499[1] (covering miscellaneous metal manufacturing);

**WHEREAS**, storm water discharges associated with industrial activity at the Facility are regulated by the National Pollutant Discharge Elimination System ("NPDES") General Permit No. CAS000001 [State Water Resources Control Board], Water Quality Order 97-03-DWQ, and as amended by Water Quality Orders Nos. 2015-0057-DWQ and 2015-0122-DWQ ("Industrial General Permit" or "Permit"), and the Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq.* ("Clean Water Act" or "CWA"), Sections 301(a) and 402, 33 U.S.C. §§ 1311(a), 1342;

**WHEREAS**, Defendants' industrial activities at the Facility that are described above and that are subject to the Industrial General Permit ("subject industrial activities") may result in storm water discharges that include pollutants, into waters of the United States and are regulated by the Clean Water Act Sections 301(a) and 402. 33 U.S.C. §§ 1311(a), 1342;

**WHEREAS**, the Industrial General Permit requires all permittees, including Defendants, to comply with, inter alia, the following mandates: (1) develop and implement a storm water pollution prevention plan ("SWPPP") and a storm water monitoring implementation plan ("MIP"), (2) control pollutant discharges using, as applicable, best available technology economically achievable ("BAT") or best conventional pollutant control technology ("BCT") to prevent or reduce pollutants

---

[1] This Consent Decree covers certain industrial activities occurring at the Facility that fall under SIC Codes that are subject to the Industrial General Permit as listed in federal regulations and the terms of the Industrial General Permit. However, industrial activities at the Facility under SIC Code 3499 occur only in an area that conveys all storm water to a basin that does not discharge to the Salinas River.

through the development and application of Best Management Practices ("BMPs"), which must be included and timely updated in the SWPPP, (3) reduce and eliminate discharges necessary to comply with any and all applicable Water Quality Standards ("WQS"), and (4) implement a monitoring and reporting program designed to assess compliance with the Industrial General Permit for subject industrial activities;

**WHEREAS**, on February 3, 2021, Plaintiff issued a notice of intent to file suit ("60-Day Notice") to Defendants', its registered agent, the Administrator of the United States Environmental Protection Agency ("EPA"), the Executive Director of the State Water Resources Control Board ("State Board"), the Executive Director Central Coast Regional Water Quality Control Board ("Regional Board"), and the Regional Administrator of EPA Region IX, alleging violations of the Clean Water Act and Industrial General Permit;

**WHEREAS**, on April 7, 2021, Coastkeeper filed a complaint against Tanimura in the Northern District of California, Civil Case No. 5:21-cv-02527-SVK ("Complaint");

**WHEREAS**, after the filing of the Complaint Coastkeeper acquired The Otter Project Inc. and adopted its mission and members with the Otter Project becoming a non-profit project of Coastkeeper.

**WHEREAS**, Plaintiff's Complaint alleged violations of the Industrial General Permit and CWA for Defendants' discharges of pollutants into surface waters, including the Salinas River and Monterey Bay ("Receiving Waters");

**WHEREAS,** Defendants deny all allegations in the 60-Day Notice and the Complaint and reserves all rights and defenses with respect to such allegations and claims;

**WHEREAS**, Plaintiff and Defendants (collectively "Settling Parties" or "Parties") agree that it is in their mutual interest to enter into a Consent Decree setting forth terms and conditions appropriate to resolving the allegations set forth in the 60-Day Notice and Complaint without further proceedings;

**WHEREAS**, all actions taken by the Defendants pursuant to this Consent Decree shall be made in compliance with all applicable federal, state and local rules and regulations.

[PROPOSED] CONSENT DECREE

**NOW, THEREFORE, IT IS HEREBY STIPULATED BETWEEN THE SETTLING PARTIES AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

1.    The Court has jurisdiction over the subject matter of this action pursuant to Section 505(a)(1)(A) of the CWA, 33 U.S.C. § 1365(a)(1)(A);

2.    The Parties hereby consent to Magistrate Judge jurisdiction in the United States District Court Northern District of California;

3.    Venue is appropriate in the Northern District Court pursuant to Section 505(c)(1) of the CWA, 33 U.S.C. § 1365(c)(1), because the Facility at which the alleged violations are taking place is located within this District;

4.    The Complaint states a claim upon which relief may be granted against Defendants pursuant to Section 505 of the CWA, 33 U.S.C. § 1365;

5.    Coastkeeper has standing to bring this action;

6.    The Court shall retain jurisdiction over this action for purposes of interpreting, modifying, or enforcing the terms of this Consent Decree, or as long thereafter as necessary for the Court to resolve any motion to enforce this Consent Decree, but only regarding issues raised within the four (4) year term of this Consent Decree.

I.   **OBJECTIVES**

7.    It is the express purpose of the Setting Parties through this Consent Decree to further the objectives of the Clean Water Act, and to resolve all issues alleged by Coastkeeper in its 60-Day Notice and Complaint. These objectives include compliance with the provisions of this Consent Decree, compliance with all terms and conditions of the Industrial General Permit, and compliance with all applicable sections of the CWA.

8.    In light of these objectives and as set forth fully below, Defendants agree to comply with the provisions of this Consent Decree, terms and conditions of the General Permit, and all applicable sections of the CWA for subject industrial activities at the Facility.

## II. AGENCY REVIEW AND CONSENT DECREE TERM

### A. AGENCY REVIEW OF CONSENT DECREE

9.      Agency Review. Plaintiff shall submit this Consent Decree to the United States Department of Justice and the EPA (the "Federal Agencies"), within three (3) business days of the final signature of the Parties, for agency review consistent with 40 C.F.R. § 135.5. The agency review period expires forty-five (45) calendar days after receipt by the Federal Agencies, as evidenced by certified return receipts, copies of which shall be provided to Defendants. In the event that the Federal Agencies object to entry of this Consent Decree, the Parties agree to meet and confer to attempt to resolve the issue(s) raised by the Federal Agencies.

10.      Court Notice. Plaintiff shall notify the Court of the receipt date by the Federal Agencies, as required by 40 C.F.R. § 135.5, in order coordinate the Court's calendar with the 45-day review period.

11.      Entry of Consent Decree. Following expiration of the Federal Agencies' 45-day review period, Plaintiff shall submit the Consent Decree to the Court for entry.

### B. EFFECTIVE DATE AND TERM OF CONSENT DECREE

12.      Effective Date. The Effective Date of this Consent Decree shall be the date of entry by the Court.

13.      Term & Termination. This Consent Decree shall terminate four (4) years from the Effective Date unless: 1) the Facility satisfies the requirements for a "Notice of Termination" ("NOT"), "Notice of Non-Applicability" ("NONA"), or "No Exposure Certification" ("NEC") as those terms are defined in the General Permit, in which case the Consent Decree will terminate as to the Facility twenty (20) days after notice of the NOT, NONA or NEC has been certified and submitted via SMARTS and is concurrently provided to Coastkeeper, provided all monetary requirements owed under the Consent Decree are satisfied at the time the Facility certifies and submits the NOT, NONA or NEC via SMARTS; or 2) one of the Settling Parties has invoked Dispute Resolution in accordance with Section IV of this Consent Decree, in which case the Consent Decree will terminate within the earlier of fifteen (15) days of notice by the Settling Parties

1  that invoked Dispute Resolution that the dispute has been fully resolved or an order of the Court

2  resolving the dispute and terminating the Consent Decree.

3  III. **COMMITMENTS OF THE SETTLING PARTIES**

4      A.  **S**TORM **W**ATER **P**OLLUTION **C**ONTROL **B**EST **M**ANAGEMENT **P**RACTICES

5      14.  <u>Current and Additional Best Management Practices</u>: In addition to maintaining the

6  current Best Management Practices ("BMPs") described in the Facility's Storm Water Pollution

7  Plan ("SWPPP"), Defendants shall (1) develop and implement BMPs identified herein, and (2)

8  develop and implement additional BMPs necessary to comply with the provisions of this Consent

9  Decree and the Industrial General Permit, including but not limited to those that achieve BAT and

10  BCT to prevent or reduce contamination in storm water discharges from subject industrial

11  activities , and ensure that industrial storm water discharges from such activities and authorized

12  NSWDs do not cause or contribute to an exceedance of any applicable water quality standards in

13  any affected receiving water..

14      15.  <u>Structural and Non-Structural BMPs for the Facility</u>: Within forty-five (45) days of

15  the Effective Date of this Consent Decree, Defendants shall develop and implement the following

16  BMPs at the Facility:

17          General Facility BMPs:

18      a.  Prior to October 1 of each year, Tanimura shall replace all sediment management

19          devices, including SiltSoxx or equivalent wattles, and drain inlet sediment traps for

20          storm drains that receive storm water from areas where subject industrial activities

21          occur;

22      b.  During the wet season[2], Tanimura shall institute a formal pre-rain protocol,

23          involving inspection and replacement of any filters and wattles deployed at the site to

24          address storm water from areas where subject industrial activities occur, and as

25          needed, removal of any exposed waste material, and relocation of uncontained debris

26          bins and trash cans under cover for areas where subject industrial activities occur;

27

28

---

[2] The wet season is defined herein as October 1 through May 31.

[PROPOSED] CONSENT DECREE

c.   Once a month during the wet season, Taminura shall inspect the hose and piping used to route flows from the vicinity of S-1 and S-2 to ensure that the hose and piping are in working order and not damaged from vehicle traffic;

d.   Tanimura will maintain written records for the BMP activities detailed above in this paragraph a. through c. and, make such records available to Coastkeeper within thirty (30) days of request.

e.   Tanimura shall perform any outdoor vehicle or equipment maintenance activities associated with subject industrial activities upon absorbent cover, and take care to immediately contain, capture, and clean up any discharge or spills of waste fluids to the ground; and

f.   Tanimura shall train all Designated Employees, as defines in paragraph 28(f) below on proper operational procedures and control measures for subject industrial activities at the Facility within thirty (30) days of hiring any employee involved in subject industrial activities, and then provide training annually thereafter.

16.   Tanimura shall implement a monitoring program consistent with the Industrial General Permit. During the life of this Consent Decree, Defendants shall collect samples of storm water when the Facility is discharging to the Salinas River[3] from Discharge Locations designated in the SWPPP as required by the Industrial General Permit and as currently depicted in the Facility site map attached hereto as Exhibit A. Defendants shall collect storm water samples from sample locations #3 and #5 for at least four (4) qualified storm events as required by the Industrial General Permit (i.e., two Qualifying Storm Events during the first half of the reporting year[4] and two Qualifying Storm Events during the second half of the reporting year). A Qualifying Storm Event is a storm that produces a discharge from at least one (1) drainage area and is preceded by forty-eight (48) hours with no discharge from any drainage area. Samples from each sample location shall be collected within four hours of: the start of discharge; or, the start of facility operations if the QSE

[3] Under this Consent Decree, a discharge to the Salinas River occurs whenever the diversion valve is open and storm water discharges enter the storm drain system at drain locations identified as #3 and #5 and are discharged to the Salinas River rather than the CalAm sewage treatment ponds.
[4] A reporting year is defined as July 1 to June 30.

[PROPOSED] CONSENT DECREE

occurs within the previous 12-hour period (e.g., for storms with discharges that begin during the night for facilities with day-time operating hours).  If, prior to March 1 of a reporting year, Tanimura has collected samples from two (2) or fewer qualifying storm events, Tanimura shall, to the extent feasible, collect samples during as many QSEs as necessary until a minimum of 4 storm events have been sampled for the reporting year to the extent that there are sufficient number of QSEs. Any failure to collect samples from four (4) QSEs in a reporting year or otherwise as required by this Consent Decree shall be documented and submitted to Coastkeeper by June 30 of the reporting year.

17.    <u>Sampling Parameters</u>: All samples collected pursuant to this Consent Decree shall be analyzed for the parameters listed in Table 1.

18.    <u>Laboratory and Holding Time</u>. Except for pH samples, delivery of all samples to a California state certified environmental laboratory for analysis within allowable hold times, pursuant to 40 C.F.R. Part 136. Analysis of pH will be completed onsite using a calibrated portable instrument for pH in accordance with the manufacturer's instructions.

19.    <u>Detection Limit</u>: Defendants shall request that the laboratory use analytical methods adequate to detect the individual contaminants at or below the values specified in the Industrial General Permit and Table 1 below.

20.    <u>Reporting</u>: Defendants shall provide complete laboratory results of all samples collected at the Facility to SMARTS in accordance with the Industrial General Permit, and shall provide copies to Coastkeeper within five (5) days of receiving a written request for the results.

**B.  REDUCTION OF POLLUTANTS IN DISCHARGES**

21.    Table 1 Numeric Action Levels: Defendants shall develop and implement BMPs to reduce pollutants in storm water at the Facility to levels below those in Table 1. As of the Effective Date, and for the remainder of the term of this Consent Decree, if storm water samples demonstrate an exceedance of a numeric action level in Table 1 in a single reporting year, Defendants shall comply with the action plan requirement set forth below.

TABLE 1

| Analytes | Limits | Source of Limit |
|---|---|---|
| Total Suspended Solids | 100 mg/L | EPA Benchmark |
| Oil & Grease | 15 mg/L | EPA Benchmark |
| pH | 6.5-8.5 s.u. | Basin Plan |

22.    Table 1 Exceedances are defined as follows: beginning with the 2021-2022 reporting year, in any reporting year under the term of this Consent Decree an Action plan shall be required if 1) the annual average of all storm water analytical results for individual pollutant(s) exceeds any of the applicable action levels as set forth in Table 1; or 2) any two storm water samples contain a single pollutant at a concentration that exceeds an Instantaneous NAL as set forth in Table 2 of the Industrial General Permit.

23.    <u>Action Plan for Table 1 Exceedances</u>: If storm water samples demonstrate exceedance of Table 1 as defined above in paragraph 22, Defendants shall prepare and submit to Coastkeeper a plan for reducing and/or eliminating the discharge of pollutants ("Action Plan") for that Facility.

24.    If an Action Plan is required following a Reporting Year, it shall be submitted by June 30, at the conclusion of any given Reporting Year that demonstrated an Exceedance.

a.    Action Plan Requirements. Each Action Plan submitted shall include at a minimum: (1) the identification of the contaminant(s) discharged in excess of the numeric action level(s); (2) an assessment of the source of each contaminant exceedance; (3) the identification of additional BMPs that will be implemented to achieve compliance with the numeric action level(s), as well as the design plans and calculations of these additional BMPs as applicable; and (4) time schedules for implementation of the proposed BMPs. The time schedule(s) for implementation shall ensure that all BMPs are implemented as soon as possible, but in no case later than October 1 of the upcoming Reporting Year. Defendants shall notify Coastkeeper in writing when an Action Plan has been implemented.

i. Any Action Plan required under this Consent Decree following the 2023-2024 reporting year, shall require, at a minimum, one or more of the following BMPs:

(a)    Capture and infiltration of storm water consistent with Volume-Based BMP standards from the Industrial General Permit (Section X.H.6.a);

(b)    Capture and treatment of storm water, consistent with the Flow-Based BMP standards from the Industrial General Permit (Section X.H.6.b);

b. <u>Action Plan Review</u>: Coastkeeper shall have thirty (30) days upon receipt of Defendants' Action Plan to provide Defendants with comments. Within fourteen (14) days of receiving Coastkeeper's proposed revisions to an Action Plan, Defendants shall consider each of Coastkeeper's recommended revisions and accept them or justify in writing why any comment is not incorporated. Action Plan(s) developed and implemented pursuant to this Consent Decree are an obligation of this Consent Decree. Any disputes as to the adequacy of an Action Plan shall be resolved pursuant to the dispute resolution provisions of this Consent Decree, set out in Section IV below.

c. <u>Action Plan Payments</u>: Defendants shall pay Two Thousand Dollars ($2000.00) each time an Action Plan is submitted to Coastkeeper. Payments shall be made payable to: California Coastkeeper Alliance, Attn: Sean Bothwell and delivered by overnight carrier to California Coastkeeper Alliance, 1100 11th Street, 3rd Floor, Sacramento, CA 95814. Failure to submit a payment as required under this paragraph will constitute a breach of the Consent Decree.

**C. VISUAL OBSERVATIONS**

25.    <u>Storm Water Discharge Observations</u>: During the life of this Consent Decree, Defendants shall conduct visual observations during the Facility's operating hours during every rain event that results in storm water entering the storm water drainage system from the subject

industrial activity areas and storm water entering the storm water drainage system from the subject industrial activity areas is discharged from the Facility to the Salinas River.

26.    <u>Visual Observations Records</u>: Defendants shall maintain observation records to document compliance with paragraph 25 and shall provide Coastkeeper with a copy of those records within fourteen (14) days of receipt of a written request from Coastkeeper for those records.

27.    <u>Employee Training Program</u>: Within forty-five days of the Effective Date, Defendants shall develop and implement an employee training program that meets the following requirements and ensures (1) that there is a sufficient number of employees at the Facility designated to achieve compliance with the Industrial General Permit and this Consent Decree ("Designated Employees"), and (2) that these Designated Employees are properly trained to perform the activities required by the Industrial General Permit and this Consent Decree ("Training Program"):

    a.    <u>Language</u>. The training and training materials shall be available and offered in the language(s) in which relevant employees are fluent. If necessary, Defendants shall provide a translator or translators at all trainings where such translation is likely to improve staff comprehension of the Training Program and improve compliance with this Consent Decree and the Industrial General Permit.

    b.    Training shall be provided by a Qualified Industrial Storm Water Practitioner ("QISP"), as defined in Section IX.A of the 2015 Permit) familiar with the requirements of this Consent Decree and the Industrial General Permit, and shall be repeated as necessary to ensure that all relevant employees are familiar with the requirements of this Consent Decree, the Industrial General Permit, and the Facility's SWPPP. All relevant new staff shall receive this training before assuming responsibilities for implementing the SWPPP.

    c.    <u>Sampling Training</u>: Defendants shall designate an adequate number of employees or maintain contracts with qualified consultants to collect storm water samples as required by this Consent Decree, including training to ensure samples are properly collected, stored, and submitted to a certified laboratory.

d.  <u>Visual Observation Training</u>: Defendants shall provide training on how and when to properly conduct visual observations to Designated Employees;

e.  <u>Employees</u>: All Designated Employees at the Facility shall participate in the Training Program annually. New Designated Employees shall participate in the Training Program within thirty (30) days of their hiring date;

f.  The Defendants shall maintain training records to document compliance with this paragraph and shall provide Coastkeeper with a copy of these records within fourteen (14) days of receipt of a written request.

g.  <u>Identification of Storm Water Pollution Prevention Team and Training Program Updates into SWPPP</u>: Within sixty (60) days of the Effective Date of this Consent Decree, Defendants shall update the SWPPP to identify the positions and persons responsible for carrying out storm water management, monitoring, sampling and SWPPP implementation.

28.  <u>SWPPP and Monitoring Implementation Plan ("MIP") Revisions and Update</u>: Within sixty (60) days of the Effective Date of this Consent Decree, Defendants shall amend the Facility's SWPPP and MIP to incorporate the requirements in this Consent Decree.  Defendants agree to submit the updated SWPPP and MIP to Coastkeeper upon completion for review and comment.

a.  <u>Review of SWPPP and/or MIP</u>: Coastkeeper shall have thirty (30) days from receipt of the amended SWPPP and/or MIP to propose any changes. Within thirty (30) days of receiving Coastkeeper's comments and proposed changes to the SWPPP, Defendants shall consider each of the comments and proposed changes and either accept them or justify in writing why any proposed change is no incorporated;

b.  Defendants shall revise the SWPPP and MIP if there are any material changes in the Facility's operations, including but not limited to changes in storm water discharge points or BMPs within thirty (30) days of the changes, which will be subject to Coastkeeper's review and comment as provided in paragraph 28 (a) above.

c. The Parties agree to work in good faith to resolve any disputes with respect to the SWPPP or MIP, and any remaining disputes will be resolved through timely initiation of the dispute resolution procedures in Section IV below.

### D. COMPLIANCE MONITORING AND REPORTING

29.     Every year during the life of this Consent Decree, Coastkeeper may conduct one annual site inspection ("Site Inspection") of the subject industrial activity areas for the purpose of ensuring compliance with this Consent Decree. In the event of a dispute regarding Defendants' compliance with this Consent Decree, and provided a Site Inspection would be relevant to resolving the Parties' dispute, the Parties agree to meet and confer regarding one additional Site Inspection for the term of the Consent Decree at Plaintiff's request. Plaintiff shall not unreasonably request, and Defendants shall not unreasonably deny, one additional Site Inspection. Any Site Inspection shall occur during normal business hours, and Coastkeeper will provide Defendants with as much notice as possible—but at least twenty-four (24) hours' notice prior to a Site Inspection planned to occur during wet weather, and seventy-two (72) hours' notice prior to a Site Inspection planned to occur during dry weather. For any Site Inspection requested to occur in wet weather, Plaintiff shall be entitled to adjust timing or reschedule during normal business hours in the event the forecast changes and anticipated precipitation appears unlikely, and thus frustrates the purpose of visiting the Facility in wet weather. Notice will be provided by telephone and electronic mail to the individual(s) designated below at paragraph 59. During the Wet Weather inspection, if Defendants are discharging to the Salinas River, Plaintiff may request that Defendants collect a sample of industrial storm water discharge from the Facility's designated industrial discharge point(s) referenced in its SWPPP, to the extent that discharges are occurring. Defendants shall collect the sample and provide a split sample to Coastkeeper. Coastkeeper's representative(s) may observe the split sample(s) being collected by Defendants' representative. Coastkeeper shall be permitted to take photographs or video recording of the subject industrial activity areas during any Site Inspection. If Coastkeeper takes any photographs or video recording, a copy shall be provided to Defendants within 14 days. In the event that Coastkeeper receives a split sample from Defendants for analysis, Coastkeeper must comply with the provisions set forth in paragraphs 17 through 19 above.

30.     <u>Document Provision</u>. During the term of this Consent Decree, Defendants shall notify and submit documents to Coastkeeper as follows:

a.     Defendants shall copy Coastkeeper on all compliance documents, monitoring and/or sampling data, written communications and/or correspondences, or any documents related to storm water quality for the subject industrial activity areas at the Facility that are submitted to the Regional Board, the State Board, and/or any state or local agency, county or municipality. Alternatively, to the extent that Defendants submit such documents to the Regional Board or State Board via SMARTS, Defendants may satisfy this requirement by providing notice to Coastkeeper via email that said documents have been uploaded to SMARTS within seven (7) calendar days of uploading said documents.

b.     Any compliance document, inspection report, written communication and/or correspondence, or any document related to storm water quality at the Facility received by Defendants from the Regional Board, the State Board, and/or any state or local agency, county, municipality shall be sent to Coastkeeper within ten (10) business days of receipt by Defendants. Defendants shall mail paper copies or email electronic copies of documents to Coastkeeper at the relevant notice address contained below.

31.     <u>Compliance Monitoring</u>. Defendants agree to partially defray costs associated with Plaintiff's monitoring of Defendants' compliance with this Consent Decree by paying Nine Thousand Dollars ($9,000.00) within forty-five (45) days of the Effective Date of the Consent Decree, made payable to: California Coastkeeper Alliance, Attn: Sean Bothwell and delivered by overnight carrier to California Coastkeeper Alliance, 1100 11th Street, 3rd Floor, Sacramento, CA 95814.

32.     Failure to submit payment as required under this paragraph will constitute breach of the Consent Decree.

### E. ENVIRONMENTAL MITIGATION, LITIGATION FEES AND COSTS, STIPULATED PENALTIES, AND INTEREST

33.     <u>Environmental Mitigation Project</u>: To remediate the alleged environmental harms resulting from allegations in the Complaint, Defendants agree to make a total payment of Eighteen

Thousand Dollars ($18,000.00) to the University Corporation at Monterey Bay to be used to fund development and implementation of projects by Return of the Natives Restoration Project that benefit the Salinas River and the associated watershed. Such payment shall be made by check within forty-five (45) days of the Effective Date, payable to University Corporation at Monterey Bay (reference Return of Natives in check memo), and sent via overnight mail to: University Advancement CSUMB, 100 Campus Center – AVC, Seaside, CA 93955. Defendants shall provide Coastkeeper with a copy of such payment.

34.    <u>Coastkeeper's Fees and Costs</u>: Defendants agree to pay a total of Fifty-Three Thousand Dollars ($53,000.00) to Coastkeeper within forty-five (45) days of the Effective Date to partially reimburse Plaintiff for their investigation fees and costs, expert/consultant fees and costs, reasonable attorneys' fees, and other costs incurred as a result of investigating and filing the lawsuit and negotiating a resolution of this matter. The payment shall be made payable to: California Coastkeeper Alliance, Attn: Sean Bothwell and delivered by overnight carrier to California Coastkeeper Alliance, 1100 11th Street, 3rd Floor, Sacramento, CA 95814.

35.    Defendants shall make a remediation payment of Five Hundred Dollars ($500.00) for each missed deadline included in this Consent Decree that is not excused by Coastkeeper in writing to an extension of that particular deadline. Coastkeeper shall not unreasonably withhold providing Defendants with an extension of a deadline that is reasonably requested by Defendants. Payments for missed deadlines shall be sent via overnight mail to University Advancement CSUMB, 100 Campus Center – AVC, Seaside, CA 93955, and made payable to University Corporation at Monterey Bay (reference Return of Natives in check memo). Defendants agree to make the stipulated payment within thirty (30) days of a missed deadline. Defendants shall provide Coastkeeper with a copy of each such payment at the time it is made.

36.    <u>Interest on Late Payments</u>: Defendants shall pay interest on any payments, fees, or costs owed to Coastkeeper under this Consent Decree that Coastkeeper has not received by the due date. The interest shall accrue starting the first day after the payment is due and shall be computed at a rate of 1% per month (12% per year). Interest on late payments shall be made payable to California Coastkeeper Alliance, Attn: Sean Bothwell and delivered by overnight carrier to California Coastkeeper Alliance, 1100 11th Street, 3rd Floor, Sacramento, CA 95814.

IV. **DISPUTE RESOLUTION**

37.    This Court shall retain jurisdiction over this matter for the term of this Consent Decree for the purposes of enforcing its terms and conditions, and adjudicating all disputes among the Parties that may arise under the provisions of this Consent Decree. The Court shall have the power to enforce this Consent Decree with all available legal and equitable remedies, including contempt.

38.    <u>Meet and Confer</u>. Either party to this Consent Decree may invoke the dispute resolution procedures of this Section IV by notifying the other party in writing of the matter(s) in dispute and of the disputing party's proposal for resolution. The Parties shall then meet and confer in good faith (either telephonically or in person) within ten (10) days of the date of the notice in an attempt to fully resolve the dispute no later than thirty (30) calendar days from the date of the notice.

39.    <u>Settlement Conference</u>. If the Parties cannot resolve the dispute within thirty (30) days of the meet and confer described in paragraph 38, the Parties agree to request a settlement meeting or conference before the Magistrate Judge assigned to this action.

40.    <u>Motion</u>. In the event that the Parties cannot resolve the dispute within sixty (60) days of the initial settlement meeting or conference with the Magistrate Judge, the Parties agree that the dispute may be submitted for formal resolution by filing a motion before the United States District Court for the Northern District of California. The Parties agree to request an expedited hearing schedule on the motion.

41.    In resolving any dispute arising from this Consent Decree before the Court, the Parties shall be entitled to seek fees and costs incurred pursuant to the provisions set forth in Section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), and applicable case law interpreting such provisions.

V. **MUTUAL RELEASE OF LIABILITY AND COVENANT NOT TO SUE**

42.    <u>Plaintiff's Waiver and Release of Defendants</u>. In consideration of the above, upon the Effective Date of this Consent Decree, Plaintiff, on its own behalf and on behalf of its officers and directors, release Defendants, its officers, directors, managers, employees, members, parents, subsidiaries, divisions, affiliates, successors or assigns, agents, attorneys and other representatives,

from and waives all claims that were or could have been raised based on the facts alleged in the 60-Day Notice and/or the Complaint up to and including the Termination Date of this Consent Decree.

43. <u>Defendants' Waiver and Release of Plaintiff</u>. In consideration of the above, upon the Effective Date of this Consent Decree, Defendants, on its own behalf and on behalf of its officers, directors, employees, parents, subsidiaries, affiliates and each of their successors or assigns, release Plaintiff, its officers and directors, from and waives all claims related to the 60-Day Notice and/or the Complaint up to and including the Termination Date of this Consent Decree.

44. Nothing in this Consent Decree limits or otherwise affects Plaintiff's rights to address or take any position that it deems necessary or appropriate in an informal or formal proceeding before the State Board, Regional Board, EPA, or any other judicial or administrative body on any matter relating to Defendants' compliance at the Facility with the Industrial General Permit or the Clean Water Act occurring or arising after the Effective Date.

## VI. **MISCELLANEOUS PROVISIONS**

45. <u>No Admission of Liability</u>. The Parties enter into this Consent Decree for the purpose of avoiding prolonged and costly litigation. Neither the Consent Decree, the implementation of BMPs nor any payment pursuant to the Consent Decree shall constitute or be construed as a finding, adjudication, or acknowledgement of any fact, law or liability, nor shall it be construed as an admission of violation of any law, rule, or regulation. Defendants maintain and reserve all defenses they may have to any alleged violations that may be raised in the future.

46. <u>Counterparts</u>. This Consent Decree may be executed in any number of counterparts, all of which together shall constitute one original document.  Telecopy and/or facsimile copies of original signature shall be deemed to be originally executed counterparts of this Consent Decree.

47. <u>Authority</u>. The undersigned representatives for Plaintiff and Defendants each certify that s/he is fully authorized by the party whom s/he represents to enter into this Consent Decree. A Party's signature to this Consent Decree transmitted by facsimile or electronic mail shall be deemed binding.

48. <u>Construction</u>. The language in all parts of this Consent Decree shall be construed according to its plain and ordinary meaning, except as to those terms defined in the Industrial General Permit, the Clean Water Act, or specifically herein. The captions and paragraph headings

used in this Consent Decree are for reference only and shall not affect the construction of this Consent Decree.

49. <u>Full Settlement</u>. This Consent Decree constitutes a full and final settlement of this matter.

50. <u>Integration Clause</u>. This is an integrated Consent Decree. This Consent Decree is intended to be a full and complete statement of the terms of the agreement between the Parties and expressly supersedes any and all prior oral or written agreements, covenants, representations, and warranties (express or implied) concerning the subject matter of this Consent Decree.

51. <u>Severability</u>. In the event that any provision, paragraph, section, or sentence of this Consent Decree is held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

52. <u>Choice of Law</u>. The laws of the United States shall govern this Consent Decree.

53. <u>Diligence</u>: Defendants shall diligently file and pursue all required permit applications for structural BMPs, as applicable, and shall diligently procure contractors, labor, and materials needed to complete all BMPs by the required deadlines.

54. <u>Effect of Consent Decree</u>: Compliance with this Consent Decree does not mean that Defendants are complying with the Industrial General Permit, the Clean Water Act, or any other law, rule, or regulation.

55. <u>Negotiated Settlement</u>. The Settling Parties have negotiated this Consent Decree, and agree that it shall not be construed against the party preparing it, but shall be construed as if the Settling Parties jointly prepared this Consent Decree, and any uncertainty and ambiguity shall not be interpreted against any one party.

56. <u>Modification of the Consent Decree</u>. Unless otherwise agreed to in writing by the Parties, this Consent Decree, and any provisions herein, may not be changed, waived, discharged, or terminated unless by a written instrument, signed by the Parties and approved by the Court. Any request to modify any provision of the Consent Decree, including but not limited to any deadline(s) set forth herein, must be made in writing at least fourteen (14) days before the existing deadline(s) applicable to the provision(s) proposed to be modified.

57. <u>Assignment</u>. Subject only to the express restrictions contained in this Consent Decree, all of the rights, duties and obligations contained in this Consent Decree shall inure to the benefit of and be binding upon the Parties, and their successors and assigns. Defendants shall notify Plaintiff within ten (10) days of any assignment.

58. <u>Force Majeure</u>. Neither of the Parties shall be considered to be in default in the performance of any of their respective obligations under this Consent Decree when performance becomes impossible due to a Force Majeure event. A Force Majeure event is any circumstance beyond a Settling Party's control, including without limitation, any act of God, war, fire, earthquake, flood, windstorm, or natural catastrophe; criminal acts; civil disturbance, vandalism, sabotage, or terrorism; restraint by court order or public authority or agency; or action or non-action by, or inability to obtain the necessary authorizations or approvals from any governmental agency. A Force Majeure event shall not include normal inclement weather, economic hardship, inability to pay, or employee negligence. Any party seeking to rely upon this paragraph to excuse or postpone performance shall have the burden of establishing that it could not reasonably have been expected to avoid the Force Majeure event and which by exercise of due diligence has been unable to overcome the failure of performance. The Parties shall exercise due diligence to resolve and remove any Force Majeure event.

59. <u>Correspondence</u>. All notices required herein or any other correspondence pertaining to this Consent Decree shall be, the extent feasible, sent via electronic mail transmission to the e-mail address listed below, or if electronic mail is not feasible, then by certified U.S. mail with return receipt, or by hand delivery to the following addresses:

| If to Plaintiff: | If to Defendants: |
|---|---|
| Anthony M. Barnes | Theresa A. Dunham |
| Aqua Terra Aeris Law Group LLP | Kahn, Soares & Conway, LLP |
| 4030 Martin Luther King Jr. Way | 1415 L St #400 |
| Oakland, CA 94609 | Sacramento, CA 95814 |
| amb@atalawgroup.com | tdunham@kscsacramento.com |

| With copies to: | With copies to: |
|---|---|
| California Coastkeeper Alliance | Tanimura & Antle |
| Drevet Hunt, Legal Director | Wesley Van Camp |
| 1100 11th Street, 3rd Floor | Vice President, Legal and General Counsel |
| Sacramento, CA 95814 | 1 Harris Road |
| dhunt@cacoastkeeper.org | Salinas, CA 93908 |
| | wesley@taproduce.com |

[PROPOSED] CONSENT DECREE

Notifications of communications shall be deemed submitted three (3) days after the date that they are postmarked and sent by first-class mail, or immediately after acknowledgement of receipt via email by the receiving party. Any change of address or addresses shall be communicated in the manner described above for giving notices.

60.    If for any reason the DOJ or the District Court should decline to approve this Consent Decree in the form presented, the Parties shall use their best efforts to work together to modify the Consent Decree within thirty (30) days so that it is acceptable to the DOJ or the District Court. If the Parties are unable to modify this Consent Decree in a mutually acceptable manner that is also acceptable to the District Court, this Consent Decree shall immediately be null and void as well as inadmissible as a settlement communication under Federal Rule of Evidence 408 and California Evidence Code section 1152.

The Parties hereto enter into this Consent Decree and submit it to the Court for its approval and entry as a final judgment.

IN WITNESS WHEREOF, the undersigned have executed this Consent Decree as of the date first set forth below.

APPROVED AS TO CONTENT

Dated: ___October 4___, 2021        By: _____
                                         California Coastkeeper Alliance
                                         Sean Bothwell, Executive Director

Dated: _____, 2021          By: _____
                                         Tanimura and Antle Fresh Foods Inc.
                                         Spreckels Industrial Park LLC
                                         Wesley Van Camp
                                         Vice President, Legal and General Counsel

[PROPOSED] CONSENT DECREE

Notifications of communications shall be deemed submitted three (3) days after the date that they are postmarked and sent by first-class mail, or immediately after acknowledgement of receipt via email by the receiving party. Any change of address or addresses shall be communicated in the manner described above for giving notices.

60.    If for any reason the DOJ or the District Court should decline to approve this Consent Decree in the form presented, the Parties shall use their best efforts to work together to modify the Consent Decree within thirty (30) days so that it is acceptable to the DOJ or the District Court. If the Parties are unable to modify this Consent Decree in a mutually acceptable manner that is also acceptable to the District Court, this Consent Decree shall immediately be null and void as well as inadmissible as a settlement communication under Federal Rule of Evidence 408 and California Evidence Code section 1152.

The Parties hereto enter into this Consent Decree and submit it to the Court for its approval and entry as a final judgment.

IN WITNESS WHEREOF, the undersigned have executed this Consent Decree as of the date first set forth below.

APPROVED AS TO CONTENT

Dated: _____, 2021          By: _____
                                            California Coastkeeper Alliance
                                            Sean Bothwell, Executive Director

Dated: ___October 1___, 2021          By: _Wesley Van Camp_
                                            Tanimura and Antle Fresh Foods Inc.
                                            Spreckels Industrial Park LLC
                                            Wesley Van Camp
                                            Vice President, Legal and General Counsel

1

2

3  APPROVED AS TO FORM

4                                           AQUA TERRA AERIS LAW GROUP

5

6

7  Dated: September 30    , 2021           By: _____

8                                              Anthony M. Barnes
                                               Attorneys for Plaintiff
9                                              California Coastkeeper Alliance

10                                          KAHN, SOARES & CONWAY, LLP

11

12  Dated: October 1,    , 2021            By: _____

13                                              Theresa Dunham
                                               Attorneys for Defendants
14                                              Spreckels Industrial Park LLC,
                                               Tanimura and Antle Fresh Foods Inc.
15

16

17  **IT IS SO ORDERED.**
   **FINAL JUDGMENT**

18

19      Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall

20  constitute a final judgment between the Plaintiff and Defendants.

21

22

23  Dated: November 23, 2021           NORTHERN DISTRICT OF CALIFORNIA

24

25

26  _____
   HONORABLE SUSAN VAN KEULEN

27  United States District Court Magistrate Judge

28

                                21
                        [PROPOSED] CONSENT DECREE